United States District Court
Southern District of Texas
**ENTERED**
October 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARLON ARTURO DUBON-VALENZUELA<br>    Petitioner | § § § § § | |
| vs. | § | CIVIL ACTION NO. M-14-410 |
| | § § | |
| U.S. DEP'T OF HOMELAND SECURITY, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT<br>    Respondents[1] | § § § § | |

## REPORT & RECOMMENDATION

Petitioner, proceeding pro se, filed an application for relief pursuant to 28 U.S.C. § 2254, with memorandum of law in support. The undersigned did not order Respondents to respond, nor were they served notice of this action. This case is ripe for disposition on the record.

After careful review of the record and the applicable law, the undersigned respectfully recommends that Petitioner's application for habeas relief be **DISMISSED** with prejudice for the reasons explained in this Report and this case be closed.

### I. BACKGROUND

Petitioner filed this application for relief under 28 U.S.C. § 2254 on April 18, 2014. (Dkt. Entry No. 1 at 10.) A search by the undersigned of Petitioner's name in CM-ECF and the findings of that search revealed that Petitioner (1) was serving a 77-month sentence in federal prison for illegal reentry pursuant to a judgment entered in this Court (M-08-291) when he filed this § 2254

---

[1] These agencies do not have custody of Petitioner and, in any event, are not the proper Respondents in this action.

1

action, (2) was deported in August 2014, (3) was arrested in October 2014 after entering the U.S. again, and, (4) was subsequently convicted of illegal reentry in this Court (M-14-1663) and sentenced to yet another term of 77 months in federal prison. *See, e.g.*, FED. R. EVID. 201 (stating that a judicially noticed fact must be one not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Missionary Baptist Found. of Am., Inc. v. Huffman*, 712 F.2d 206, 211 (5th Cir. 1983) ("A court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom.").

Petitioner is *not* challenging a federal conviction in this instant civil case. Instead, he expressly attacks an old state conviction. Specifically, Petitioner seeks to vacate the judgment of conviction for criminal offenses under Texas law. (Dkt. Entry No. 1 at 2.) According to Petitioner, that criminal judgment was entered sometime in June 2001 by the 389th Judicial District Court of Hidalgo County, Texas. (*Id.*) Petitioner states that the length of his state sentence in that case was 2 years. (*Id.*)

## II. RELEVANT LAW & CONCLUSIONS

Construing his pro se pleading liberally, Petitioner moves this Court to vacate his 2001 Texas conviction because the state trial court (during the plea colloquy) and possibly defense counsel failed to warn Petitioner of the immigration consequences of pleading guilty to the charges. (*See* Dkt. Entry No. 1 at 11–14.) Petitioner bases his claim on a state court decision issued by the Court of Appeals of New York, *see People v. Peque*, 22 N.Y.3d 168 (2013) (holding that New York trial courts must inform the defendant of the immigration consequences of pleading guilty to a felony and that a failure to do so could provide a basis for withdrawing or vacating the guilty plea), and

Petitioner also cites to *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010) (addressing counsel's duty to explain the risk of deportation associated with the decision to plead guilty). (Dkt. Entry No. 1 at 11; 13.)

The undersigned concludes that Petitioner's federal habeas petition should be dismissed with prejudice for the following reasons:

(1) Petitioner does not meet the "in custody" requirement of the federal habeas statutes because he completed his state sentence in full many, many years ago and was not in custody pursuant to the state conviction and sentence when he filed this instant habeas petition attacking the 2001 Texas conviction. Under the relevant law, a federal district court does not have jurisdiction to entertain a habeas petition attacking a state conviction if, at the time the petition is filed, the petitioner is not "in custody" under the state conviction or sentence being attacked because the sentence has been fully discharged. *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (citing 28 U.S.C. §§ 2241; 2254); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989).

Because the Court does not have jurisdiction to entertain claims attacking the 2001 Texas conviction under the relevant habeas statutes, the petition should be dismissed with prejudice for lack of jurisdiction. *See Hendrix*, 888 F.2d at 337–38 (affirming the district court's dismissal with prejudice because the state prisoner did not satisfy the "in custody" requirement due to the sentence being fully discharged).

(2) Even if the Court had subject matter jurisdiction, *Padilla v. Kentucky* is not retroactive on collateral review. *Chaidez v. United States*, 133 S. Ct. 1103, 1106 (2013) (holding that *Padilla v. Kentucky* is not retroactively applicable on collateral review). Petitioner's 2001 Texas conviction was final long before *Padilla* was decided in 2010.

3

(3) Even if the Court had subject matter jurisdiction, the decision by the New York state court is not binding on this Court and, more importantly, its holding may not serve as a basis to vacate a Texas conviction in federal court under the habeas statutes. *See, e.g., Maleng*, 490 U.S. at 490 ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'") (citing 28 U.S.C. §§ 2241(c)(3) and 2254(a)); *see also Cardenas v. Stephens*, 820 F.3d 197, 202 (5th Cir. 2016) ("[O]n federal habeas review we may disturb a state conviction only if Supreme Court precedent so dictates.").

### III. CONCLUSION

#### *Recommended Disposition*

After careful review of the record and the applicable law, the undersigned respectfully recommends that Petitioner's application for habeas relief be **DISMISSED** with prejudice for the reasons explained in this Report and this case be closed.

To the extent the Court construed this action as arising under 28 U.S.C. § 2254, the undersigned also respectfully recommends that the District Court deny a Certificate of Appealability upon issuance of a final adverse order. The undersigned finds that the record supports the conclusion that Petitioner fails to show: (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C. § 2253(c)).

*Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to Petitioner by any receipted means.

**DONE** at McAllen, Texas, this 5th day of October, 2016.

_____*Dorina Ramos*_____
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE